[Cite as *State v. Dockery*, 2021-Ohio-3123.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


STATE OF OHIO,                          :          APPEAL NO. C-200408
                                                   TRIAL NO. 20CRB-10448
    Plaintiff-Appellee,            :

                                        :          *O P I N I O N.*

  vs.                                   :

                                        :

NIGHA DOCKERY,                          :

    Defendant-Appellant.           :



Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  September 10, 2021


*Andrew W. Garth*, Cincinnati City Solicitor, *William T. Horsley*, Chief Prosecuting Attorney, and *Connor E. Wood*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *David Hoffman*, Assistant Public Defender*,* for Defendant-Appellant.

**BERGERON, Judge.**

{¶1}   With her frustration boiling over towards her boyfriend, defendant-appellant Nigha Dockery vented her anger by throwing a brick through Chayna Givens's patio door, believing him to be at her apartment.  The trial court found Ms. Dockery guilty of criminal damaging, and she argues on appeal that her conviction was against the weight and sufficiency of the evidence based on inconsistencies in Ms. Givens's statements.  Because we find the trial court's credibility determinations to be reasonable, we overrule Ms. Dockery's sole assignment of error and affirm her conviction.

I.

{¶2}   The events leading up to this case began after Ms. Dockery became upset with her boyfriend, Gary Tucker, who is also the father of Ms. Givens's daughter.  Mr. Tucker stopped by Ms. Givens's apartment to visit his daughter one morning, and Ms. Dockery took the opportunity to drive back and forth, hurling insults at him.  Ms. Givens and Mr. Tucker soon left to take their daughter to visit an aunt.  But after Ms. Givens returned later that day, Ms. Dockery again attempted to confront Mr. Tucker by yelling and blowing her car horn outside Ms. Givens's residence.  This prompted a texting volley between Ms. Givens and Ms. Dockery in which Ms. Givens adamantly denied that Mr. Tucker was at her apartment.  Ms. Dockery eventually left but, unsatisfied, she later called Ms. Givens using a blocked number.  Ms. Givens promptly ended the conversation, but Ms. Dockery called back another ten times within the next few minutes.

{¶3}   Ms. Givens testified that, later that evening, she heard a shattering sound from her patio door and looked outside to see Ms. Dockery running to her car

2

and fleeing by car. Ms. Givens explained that she saw Ms. Dockery "pretty clearly," wearing a t-shirt and jeans and with her hair in a ponytail. However, Ms. Givens conceded that it was dark outside, which prevented her from ascertaining the color of Ms. Dockery's clothes. Ms. Givens's patio door glass was broken, and a brick was nearby.

{¶4} The case proceeded to a bench trial, and Ms. Dockery's defense endeavored to poke holes in Ms. Givens's story. In particular, Ms. Dockery contrasted Ms. Givens's trial testimony with her 911 call in which she never mentioned seeing Ms. Dockery. Instead, when the dispatcher asked Ms. Givens why she believed that Ms. Dockery had thrown the brick, Ms. Givens noted seeing Ms. Dockery's car. Nonetheless, the trial court determined that Ms. Givens was believable and found Ms. Dockery guilty of criminal damaging under R.C. 2909.06(A)(1). This appeal follows.

II.

{¶5} Ms. Dockery presents one assignment of error on appeal, characterizing her conviction as against the weight and sufficiency of the evidence. In reviewing whether Ms. Dockery's conviction runs counter to the manifest weight of the evidence, we sit as a "thirteenth juror." *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). In other words, we review the evidence, the credibility of witnesses, the entire record. *Id.* But we will reverse only if the trial court " 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' " *Id.*, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). By contrast, with respect to sufficiency, " 'the relevant inquiry is whether, after viewing the evidence in a light

3

most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.' " *State v. Walker*, 150 Ohio St.3d 409, 2016-Ohio-8295, 82 N.E.3d 1124, ¶ 12, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. And " '[w]here reasonable minds can reach different conclusions upon conflicting evidence, determination as to what occurred is a question for the trier of fact. It is not the function of an appellate court to substitute its judgment for that of the factfinder.' " *State v. Shabazz*, 146 Ohio St.3d 404, 2016-Ohio-1055, 57 N.E.3d 1119, ¶ 20, quoting *Jenks* at 279. Whether the evidence sufficed to support Ms. Dockery's criminal damaging conviction presents a legal question that we review de novo. *State v. Ellison*, 178 Ohio App.3d 734, 2008-Ohio-5282, 900 N.E.2d 228, ¶ 9 (1st Dist.).

{¶6} Ms. Dockery's manifest-weight challenge focuses exclusively on the inconsistency between Ms. Givens's testimony and her 911 call. In Ms. Givens's 911 call, she cited only Ms. Dockery's identifiable car when asked why she knew Ms. Dockery tossed the brick, explaining: "I seen her drive off and * * * that is why I know it was her because I seen that car earlier today." In contrast, Ms. Givens recalled at trial that she saw *Ms. Dockery* leaving the property, even providing a description of what she wore. In Ms. Dockery's view, this inconsistency illustrates that Ms. Givens fabricated her trial testimony—and that the trial court clearly lost its way in believing her. While we readily acknowledge some inconsistencies between Ms. Givens's testimony and her 911 call, it was not different enough to say that the trial court lost its way in believing her. For one, Ms. Givens's testimony was not directly contradictory to her 911 call, as she never relayed that she had *not* seen Ms.

4

Dockery. She instead referenced the identifiable vehicle when asked to explain why she believed Ms. Dockery had thrown the brick. Furthermore, in reconciling the difference between Ms. Givens's trial testimony and her 911 call, the trial court explained: "questions that are posed by the prosecutor are presumably more in-depth and give the opportunity for more reflection and explanation * * * and proper context versus the manner in which a 911 dispatcher is trying to gather information * * * ." Ultimately, we find the trial court's justification for believing Ms. Givens's trial testimony to be reasonable—and certainly well short of constituting a manifest miscarriage of justice. We thus decline Ms. Dockery's invitation to view her conviction as against the weight of the evidence.

{¶7} As to the sufficiency of the evidence, Ms. Dockery maintains that the state failed to satisfy two of the necessary elements. As relevant here, a person is guilty of criminal damaging when they "[k]nowingly, by any means" "cause, or create a substantial risk of physical harm to any property of another without the other person's consent." R.C. 2909.06(A)(1). Here, Ms. Dockery first insists that the damage element is unsatisfied because no one testified that the patio door was *not* damaged beforehand. But Ms. Givens specifically recounted that she heard glass shatter and that she personally observed the broken glass (the state also submitted photos of the damage). And interpreting this evidence in the state's favor, as we must, a reasonable fact finder could easily infer that the damage had just occurred—that it did not previously exist. Finally, Ms. Dockery posits that the state failed to prove the identification element because Ms. Givens's testimony was too unbelievable. And excising Ms. Givens's identification testimony, Ms. Dockery argues that no rational factfinder could conclude that she broke the patio door where

5

her vehicle was the only evidence putting her at the scene. We have already determined that the trial court appropriately believed Ms. Givens's identification testimony, so we readily conclude that sufficient evidence established that Ms. Dockery threw the brick. Thus, we find that Ms. Dockery's conviction was also supported by sufficient evidence.

\*　　　\*　　　\*

{¶8}　In light of the foregoing analysis, we overrule Ms. Dockery's sole assignment of error and affirm the judgment of the trial court.

Judgment affirmed.

**ZAYAS, P. J.,** and **WINKLER, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion